<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

```
LOUIS ROSSI,                    )
                                )   Civil Action
                Plaintiff       )   No. 12-cv-07270
                                )
        vs.                     )
                                )
JOHN QUARMLEY;                  )
JAMES MORTON, III; and          )
PRINCIPIA VENTURES LLC,         )
                                )
                Defendants      )
```

                            *     *     *


APPEARANCES:

        NEAL A. JACOBS, ESQUIRE
        JOSHUA A. GELMAN, ESQUIRE
            On behalf of Plaintiff

        HOWARD A. ROSENTHAL, ESQUIRE
            On behalf of Defendants


                        *     *     *


JAMES KNOLL GARDNER
United States District Judge

## <u>**O P I N I O N**</u>

        This matter is before the court on Defendants' Motion
to Dismiss Plaintiff's Amended Complaint.  For the following
reasons, I grant the motion and dismiss the Complaint.

        Plaintiff Louis Rossi brings this action against
defendants John Quarmley, James Morton, III and Principia
Ventures LLC for violation of the Securities Exchange Act of
1934.  15 U.S.C. §§ 78a - 78pp.  Specifically, in his Amended

Complaint, plaintiff claims that defendants Quarmley and Morton fraudulently manipulated plaintiff into selling them plaintiff's interest in Principia Ventures LLC.  He is seeking damages and costs (Counts I to V), a constructive trust (Count VI), and rescission of the purchase agreement and costs (Count VII).

## SUMMARY OF DECISION

For the reasons expressed below defendants' motion to dismiss is granted.

Specifically, I grant defendants' motion to dismiss Count I because plaintiff has not alleged that his interest in defendant Principia Ventures LLC was a security, as required to state a claim for a violation of Rule 10b-5 of the Securities Exchange Act of 1934.

Furthermore, because plaintiff has failed to state a federal Securities Exchange Act claim, I grant defendants' motion to dismiss plaintiff's state-law claims in Counts II through VII for lack of subject matter jurisdiction.

## JURISDICTION

This court has original jurisdiction over the subject matter of plaintiff's Securities Exchange Act claim based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. This court has supplemental jurisdiction over plaintiff's pendent Pennsylvania state-law claims pursuant to 28 U.S.C. § 1367.

**VENUE**

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Chester County, Pennsylvania, which is located in this judicial district.  See 28 U.S.C. §§ 118, 1391(b).

**PROCEDURAL HISTORY**

Plaintiff, Louis Rossi, initiated this action on December 12, 2012 by filing a Complaint against defendants John Quarmley, James Morton, III, and Principia Ventures LLC.

On February 11, 2013, defendants filed a motion to dismiss plaintiff's original Complaint.

By Order signed May 23, 2013 and filed May 24, 2013, I granted plaintiff's request to file an amended complaint.

On June 17, 2013 plaintiff filed an Amended Complaint against defendants John Quarmley, James Morton, III, and Principia Ventures LLC.  On July 1, 2013 defendants filed the within Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

On July 15, 2013 plaintiff filed his Response in Opposition to Motion to Dismiss Amended Complaint.

Defendants filed a Reply Brief in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint on August 5, 2013.  On August 6, 2013, plaintiff's filed a Sur-Reply in Opposition to Motion to Dismiss Amended Complaint.

## STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Generally, in ruling on a motion to dismiss, the court relies on the complaint, exhibits attached to the complaint, and matters of public record, including other judicial proceedings.  <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.  <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[1]

---

[1]      The United States Supreme Court's Opinion in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the "facial plausibility" pleading standard set forth in Twombly applies to all civil suits in the federal courts.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  This showing of facial plausibility then

(<u>Footnote 1 continued</u>):

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief.  Fowler, 578 F.3d at 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits.  Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940)(internal quotations omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted.  Fowler,

---

(Continuation of footnote 1):

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", and that plaintiff is entitled to relief. Fowler, 578 F.3d at 210 (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded.  Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief".  Id. at 211 (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible." Iqbal, 556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d at 884-885.

A well-pled complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941 (internal quotations omitted).

## FACTS

Accepting all the facts alleged in plaintiff's Amended Complaint as true, as I am required to do pursuant to the above standard of review, the pertinent facts construed in the light most favorable to plaintiff are as follows.

Plaintiff and defendants Quarmley and Morton (the "Venture Group") have been associated in various business endeavors together since 1997, operating under the trade name Principia Partners.[2]  Each member of the Venture Group served as a producing manager and shared in the responsibilities of running Venture Group businesses.[3]

On January 30, 2003, plaintiff and defendants Quarmley and Morton entered into Principia Ventures LLC Operating Agreement ("Agreement"), forming a limited liability company.[4] Principia Ventures LLC was formed with a purpose of engaging "in the business of owning and managing manufacturing and service businesses, and any other activity necessary, appropriate, desirable or incidental thereto."[5]

The Agreement stated that defendant Quarmley would be the Managing Member of the LLC and that defendant Morton would be the Secretary.[6]  The Agreement further stated that plaintiff, Mr. Quarmley, and Mr. Morton would each have a one-third

---

[2]     Amended Complaint ¶¶ 12-15.

[3]     Id. at ¶ 16.

[4]     Amended Complaint, Exhibit A.

[5]     Id. at 2.

[6]     Id. at 12-13.

interest in Principia Ventures LLC and a one-third share in any net profits or net profits on sale.[7]

On March 24, 2003, Principia Ventures LLC entered into an Operating Agreement for Highwood USA LLC.[8]  Highwood USA LLC's initial members were Principia Ventures LLC, Highwood UK, and Kinsley Investments LLC.[9]  Defendants Quarmley and Morton both held officer positions within Highwood USA LLC whereas plaintiff concentrated his efforts in running the Venture Group's other businesses such as Principia Partners, which in turn provided funding for Principia Ventures LLC.[10]

After Principia Ventures LLC entered into the Operating Agreement for Highwood USA LLC, Mr. Robert Kinsley loaned Principia Ventures LLC $1,000,000.00 to be used "for the business of Highwood USA [LLC]; personally guaranteed by Rossi, Quarmley and Morton" and then loaned an additional $1,000,000.00 more over the next couple years.[11]  Kinsley deferred payment on such loans until 2006.[12]

---

[7]     Amended Complaint, Exhibit A at 16-17.

[8]     Amended Complaint ¶ 56.

[9]     Id. at ¶ 57.

[10]    Id. at ¶¶ 67-68.

[11]    Id. at ¶¶ 79-80.

[12]    Id. ¶ 81.

Principia Ventures LLC began making payments on the loans in 2006.[13]  Principia Ventures LLC

> was able to make these monthly payments to Kinsley only from funds generated by the work of its principals: Rossi and Morton.  Rossi and Morton were working in the business trading as Principia Partners and it was their hard work that resulted in funds for Principia Ventures to make the payments on the Kinsley loans.[14]

In November 2008, Principia Ventures LLC was unable to make its November monthly loan payment to Mr. Kinsley.[15] Defendants Quarmley and Morton told plaintiff that the missed payment was a default and that Mr. Kinsley may exercise his remedies to have the loan paid in full immediately.[16]

Defendants Quarmley and Morton decided to use the opportunity of the missed payment to impose a cash-call seeking $328,500.00, which required the members of Principia Ventures LLC to use individual resources to supplement Principal Ventures LLC's capital.[17]  Though there may have been other options available to resolve the payment problem, Mr. Quarmley and Mr. Morton chose the cash-call, which, of the available options, was

---

[13]    Amended Complaint ¶ 88.

[14]    Id. at ¶ 90.

[15]    Id. at ¶ 127.

[16]    Id. at ¶¶ 128-129.

[17]    Id. at ¶¶ 137-140, 159, 196.

most harmful to plaintiff because, as defendants knew, plaintiff was having personal financial troubles.[18]

Knowing that plaintiff would not be able to come up with the funds for the cash-call, defendants decided to make a company valuation of Principia Ventures LLC.[19]  Defendant Quarmley notified plaintiff that similar capital-calls would be forthcoming which could dilute plaintiff's ownership interest in the company if he could not provide the requested funds.[20] Plaintiff therefore offered to defendants Quarmley and Morton his shares in Principia Ventures LLC in exchange for their assumption and extinguishment of his guarantees of the debt of Principia Ventures LLC.[21]

## CONTENTIONS OF THE PARTIES[22]

### Contentions of Defendants

Defendants argues that plaintiff has not stated a claim for a violation of Rule 10b-5 of the Securities Exchange Act of 1934 because Rule 10b-5 makes it unlawful for a person to make an untrue statement of material fact in connection with the

---

[18]    Amended Complaint ¶¶ 159, 174.

[19]    Id. at ¶¶ 174-175.

[20]    Id. at ¶ 220.

[21]    Id.

[22]    Because, as described below, I dismiss Counts II through VII of plaintiff's Amended Complaint for lack of subject matter jurisdiction, I have only summarized the contentions of the parties with respect to Count One, the sole federal claim in this matter.

purchase or sale of any security.  Defendants contend that plaintiff's interest in Principia Ventures LLC was not a security as defined by Rule 10b because plaintiff's interest is a commercial venture, not an investment.

### Contentions of Plaintiff

Plaintiff argues that his interest in Principia Ventures LLC was a security because it was an investment contract which involved an investment of money, in a common enterprise with profits to come solely from the efforts of others.  Specifically, he argues that his interest was an investment contract because he only owned 1/3 interest and did not have a managerial role in in Principia Ventures LLC.

### DISCUSSION

### Count I

Count I of plaintiff's Amended Complaint asserts a claim for a violation of Rule 10b-5 of the Securities Exchange Act which makes it unlawful for any person

> by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,(a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5.

To prevail in his claim that defendants engaged in securities fraud plaintiff's Amended Complaint must demonstrate that: (i) defendants made a misstatement or omission; (ii) of a material fact; (iii) with scienter; (iv) in connection with the purchase or sale of securities; (v) upon which plaintiffs relied; and (vi) that reliance proximately caused plaintiff's losses.  See In re Westinghouse Securities Litigation, 90 F.3d 696, 710 (3d Cir. 1996).

The threshold question here is whether defendants' alleged misconduct involved a purchase or sale of securities. Defendants contend that plaintiff does not state a claim because plaintiff's interest in Principia Ventures is not a security as defined by Section 2(a)(1) of the Securities Act of 1933.

Section 2(a)(1) of the Securities Act of 1933 defines security as "any note, stock, ... investment contract ...." 15 U.S.C. § 77b(a)(1).  Plaintiff characterizes his interest in Principia Ventures LLC as an investment contract.

"An investment contract for purposes of the Securities Act means a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party".  Steinhardt Group Inc. v. Citicorp, 126 F.3d 144, 151 (3d Cir. 1997)(citing Securities and Exchange Commission v. W.J.

Howey Co., 328 U.S. 293, 298-299, 66 S.Ct. 1100, 1103, 90 L.Ed. 1244, 1249 (1946).

To demonstrate that his interest is an investment contract, plaintiff must show that the scheme (1) involves an investment of money (2) in a common enterprise (3) with profits to come solely from the efforts of others.  Howey, 328 U.S. at 301, 66 S.Ct. at 1104, 90 L.Ed. at 1251.

Here, it is uncontested that Principia Ventures LLC involved an investment of money and was a common enterprise. Thus the determination of whether plaintiff's interest was a security depends on whether profits from Principia Ventures LLC were to come solely from the efforts of others.

In analyzing this element, courts have considered "whether the investor has meaningfully participated in the management of the partnership in which it has invested such that it has more than minimal control over the investment's performance."  Steinhardt, 126 F.3d at 152.  If the participant is a passive investor in the company, his interest can more likely be characterized as an investment contract.

Here, plaintiff's Amended Complaint demonstrates that he has meaningfully participated in the partnership, thus plaintiff's interest in Principia Ventures LLC is not an investment contract both because of plaintiff's right to be

involved in the management of the LLC and because profits from Principia Ventures came from his personal efforts.

The Principia Ventures LLC Operating Agreement sets forth the basic framework for the company and includes such member rights as (1) demanding a vote on a particular interest at meetings, (2) adopting rules of procedure at meetings, (3) calling upon individual members to make additional capital contributions with majority member approval, and (4) removing officers at any time with or without cause.  See Operating Agreement, pages 3, 4, 6, 13.

Such responsibilities indicate that members may, if they choose, take an active role in the company by virtue of the rights afforded them in the Operating Agreement.  See Steinhardt, 126 F.3d at 153, which holds that "whether a partnership interest constitutes a security depends on the legal rights and powers enjoyed by the investor" (quoting Goodwin v. Elkins & Co., 730 F.2d 99, 107 (3d Cir. 1984).

See also Keith v. Black Diamond Advisors, Inc., 48 F.Supp.2d 326, 333 (S.D.N.Y. 1999), which holds that the level of control enjoyed by a member with the following rights was antithetical to the notion of member passivity required under the last prong of Howey: (a) the right to manage along with the other members; (b) the right to vote in proportion to his holdings; (c) protection from other members acting

individually on behalf of the LLC; (d) protection from calls for additional capital without approval of two-thirds of the membership interests; (e) the right to participate in a detailed cash flow distribution structure; and (f) the right to call meetings.

Finally, plaintiff's Amended Complaint demonstrates that not only did plaintiff have the right to take an active role in Principia Ventures LLC, but also that plaintiff's hard work and efforts in large part enabled Principia Ventures LLC to have the necessary funds to make monthly payments on the Kinsley debt.[23]

Plaintiff's hard work and efforts demonstrate that plaintiff was not a passive wealthy investor and, therefore, demonstrate that plaintiff's interest in Principia Ventures LLC was not an investment contract.  See e.g. Lino v. City Investing Co., 487 F.2d 689, 692-693 (3d Cir. 1973), which holds that franchise licensing agreements did not constitute investment contracts because of the significant efforts of the licensee in promoting the franchise.

### Counts II Through VII

Counts II through VII are Pennsylvania pendent state-law claims.  Count II is a claim for breach of fiduciary duty. Count III is a claim for fraud.  Count IV is a claim for civil

---

[23]    See Amended Complaint ¶ 90.

conspiracy. Count V is a claim for minority oppression. Count VI is a claim for unjust enrichment and constructive trust. Count VII is a claim for equitable rescission.

Pursuant to a federal court's supplemental jurisdiction, we may entertain state-law claims when they are so related to federal claims within the court's original jurisdiction that they form a part of the same case or controversy. 28 U.S.C. § 1367. However, if all federal claims are dismissed before trial, the district court must decline to decide the pendent state claims "unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Luminent Mortgage Capital, Inc. v. Merrill Lynch & Co., 652 F.Supp.2d 576, 598 (E.D.Pa. 2009)(Surrick, J.)(citing Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000)).

In this case, original jurisdiction was based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Because I determined that the sole federal claim must be dismissed, the only remaining claims sound in state law. Therefore, there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, I decline to exercise supplemental jurisdiction over the remaining claims. As such, Counts II through VII are dismissed.

## CONCLUSION

For all of the foregoing reasons defendants' motion to dismiss is granted.  Defendants' motion to dismiss is granted with respect to Count I because plaintiff has failed to state a claim for a violation of Rule 10b-5 of the Securities Exchange Act of 1934.

Furthermore, because plaintiff has failed to state a claim for his federal Securities Exchange Act claim, plaintiff's pendent state-law claims, Counts II through VII, are dismissed for lack of subject matter jurisdiction.